### RISSMAN v. UNITED STATES.
#### No. 6881.

Circuit Court of Appeals, Ninth Circuit.
Dec. 5, 1932.

Rehearing Denied Jan. 9, 1933.

Donald Armstrong, of Los Angeles, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and Gwyn S. Redwine and P. V. Davis, Asst. U. S. Attys., all of Los Angeles, Cal.

Before WILBUR and SAWTELLE, Circuit Judges, and CAVANAH, District Judge.

WILBUR, Circuit Judge.

Appellant was convicted of smuggling alcohol in violation of 19 USCA § 497, 42 Stat. 982. The charge was contained in the third count of an indictment in five counts. In pursuance of the instruction of the trial judge to that effect he was acquitted on the other four charges.

Appellant contends that there was not sufficient substantial evidence of his guilt to justify the submission of the matter to the jury and that the trial court erred in denying appellant's motion for an instructed verdict of not guilty. Appellant's codefendant, William Nolan, was apprehended while in the possession of the liquor in question on board a gasoline motorboat belonging to the appellant. The motorboat had been placed in Nolan's hands by appellant Rissman and was used by Nolan for the purpose of bringing liquor from Ensenada, Mexico, to San Diego, Cal., where it was seized. The guilt of Nolan was apparent. The only question raised by the appellant is whether or not his boat was so used by Nolan in pursuance of an understanding or agreement with Rissman, or without his knowledge or consent. The evidence as to Rissman's consent to the use of his boat by Nolan for the purpose of smuggling liquor into the United States is largely, but not wholly, circumstantial. Without stating the evidence in detail, it tends to show that on October 28, 1931, appellant purchased the motorboat Dolphin upon a conditional contract for the sum of $1,100. He turned the boat over to Nolan, his codefendant, at San Pedro, to be taken to San Diego. The appellant was not acquainted with Nolan other than by an introduction to him by some unknown person. In San Diego it was arranged for additions and repairs, particularly for the purpose of enlarging its cruising radius by installing additional gasoline tanks. This cost about $120. The first payment under the contract was $137.50, due November 11. On that day appellant paid $100 only. The day after the completion of the repairs and its delivery to Nolan the boat was seized with a cargo of liquor as it entered San Diego harbor on November 12, 1931.

The appellant testified he had purchased the motorboat and had it repaired for the purpose of taking a fishing trip to Ensenada and that he sent the boat to San Diego for such repairs because he did not want to make the trip to San Diego himself. After the apprehension of Nolan and the seizure of the boat, appellant attempted to bribe the prohibition officers to dismiss the case against him and his codefendant Nolan. The evidence of appellant's guilt was sufficient to go to the jury.

Appellant assigns as error the rulings of the trial court upon objections to certain questions permitted by the court in cross-examination of the appellant. These questions related to the business of the witness and his acquaintanceship with certain individuals and were purely preliminary questions and justified as cross-examination upon the general statements of the witness that he had always been engaged in the real estate business and financial business. These rulings were proper.

A somewhat curious situation arose in the cross-examination of the appellant which deserves further mention. In response to the questions of the United States attorney, appellant testified that he had been engaged in the bottling business under the name of Danny Davis and that in that business bottles, malt, sugar, and groceries had been sold. He stated the kind of sugar was the kind "you get from any grocery store." The United States attorney interjected the statement, or question, "He sold quite a bit of corn sugar?" Later on, in response to a motion of the appellant to strike out all this testimony that had been elicited on cross-examination over his objection, the court stated: "The fact that he was in this business under another name, sold the ingredients so frequently used for this sort of violation of the law, may stand." This statement was at once excepted to and the witness further questioned in reference thereto, and he stated he had no connection with the business referred to, that it was conducted by a brother-in-law, and he and his father had lent his brother-in-law some money. After this testimony, the court said, "Well, I might have misunderstood the testimony." Subsequently the appellant renewed his motion to strike out the testimony of the appellant on cross-examination and the court inquired of him, "The bottle works part," the answer being, "Yes." The motion

was overruled and exception noted. If the statement of the trial court above referred to concerning the sale of ingredients frequently used for a violation of law was properly before us for consideration, it might be held that such a remark made with so little foundation was prejudicial error; but counsel, in his exception to the statement of the court, did not call attention to the prejudicial character of the remark and perhaps was diverted from so doing because of the fact that the court at once proceeded to examine the witness with reference to his connection with the business and upon ascertaining that he denied such connection impliedly withdrew the statement. Counsel did not ask the court to remedy the prejudice he had suffered by this remark by instructing the jury to disregard it. We are precluded from considering the question because of the fact that there is no separate assignment of error based upon this remark by the trial court. It is true the remark of the trial court is quoted in an assignment of error, but this assignment relates to the rulings upon the testimony and not to the misconduct of the judge. Error is required to be separately assigned, and in default of such assignment we cannot consider the matter on appeal.

Judgment affirmed.